```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VAN F. HOWELL, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07554 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, | OPINION |
| Defendant. | |

APPEARANCES

Van F. Howell, Plaintiff Pro Se
P.O. Box 824
Sicklerville, NJ 08081

**SIMANDLE, Chief District Judge:**

### Case 1

1. By Complaint dated October 13, 2016 in Case No. 1:16-cv-07436, Plaintiff Van F. Howell sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-07436 ("Case 1"), Docket Entry 1.

2. With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint in Case 1 stated: "I was forced to sleep on the floor, and I witnessed mice and roaches in my cell and in the kitchen. I developed a rash and colds. We

were stuffed in the cell with four men." Complaint § III(C) in Case 1.

3. In Case 1, Plaintiff alleged that he suffered "a rash and colds [that] were everlasting and frequent" as a result of these events. Complaint § IV in Case 1.

4. In Case 1, Plaintiff sought $10,000 in relief. Complaint § V in Case 1.

5. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Case 1 was subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff was proceeding *in forma pauperis*.

6. In accordance with these directives of the PLRA, this Court undertook the requisite screening in Case 1 and, by Order dated February 24, 2017, dismissed Plaintiff's Complaint without prejudice for failure to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)). Docket Entry 4 ("Dismissal Order") in Case 1.

7. As explained in this Court's February 24, 2017 Opinion accompanying the Dismissal Order, Plaintiff's Complaint in Case

2

1 did not allege sufficient facts to support a reasonable inference that a constitutional violation had occurred in order to survive this Court's review under § 1915. Docket Entry 3 ("Dismissal Opinion") in Case 1.

8.   Even accepting the statements in Plaintiff's Complaint in Case 1 as true for screening purposes only, there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration.

## Case 2

9.   By Complaint dated October 13, 2016 in Case No. 1:16-cv-07554, Plaintiff sought to bring another civil rights complaint pursuant to 42 U.S.C. § 1983 against the CCCF for allegedly unconstitutional conditions of confinement. Complaint in Case 1:16-cv-07554 ("Case 2"), Docket Entry 1.

10.  With respect to the alleged facts giving rise to Plaintiff's claims (and similar to the Complaint in Case 1), the Complaint in Case 2 states: "I had to sleep on the floor due to overcrowded conditions. There were four inmates in one small cell and there are supposed to be 2 inmates. Mice and roaches were present." Complaint § III(C) in Case 2.

11.  Similar to Case 1, Plaintiff alleges in Case 2 that he "caught colds that didn't go away. I developed a rash and suffered from insomnia." Complaint § IV in Case 2.

12. As in Case 1, Plaintiff seeks $10,000 in relief. Complaint § V in Case 2.

13. Plaintiff's Complaint in Case 2 is thus duplicative of Plaintiff's Complaint in Case 1.

14. "'As part of its general power to administer its docket,' a district court may dismiss a duplicative complaint. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (prohibiting a plaintiff from 'maintaining two separate actions involving the same subject matter at the same time in the same court and against the same defendant') . . . [T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to amendment of complaints, Fed. R. Civ. P. 15." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015).

15. Therefore, for the reason that Case 2 (No. 16-cv-07554) is duplicative of Case 1 (No. 16-cv-07436), as well as for all of the reasons set forth in this Court's Order and Opinion dated February 24, 2017 in Case 1, the Complaint in Case 2 is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

16.  An appropriate order follows.


**February 24, 2017**            **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 Chief U.S. District Judge